TERRELL, Justice.
Appellant filed a complaint in the appropriate court seeking annulment of his marriage to appellee on the ground of fraud, in that she concealed the fact that she was a victim of tuberculosis at the time of their marriage, that plaintiff did not know the state of appellee’s health at the time, that she concealed it from him, for the purpose of inducing him to marry her, which he would not have done if he had known her affliction and that he left her as soon as he learned her Condition. Service was made by publication, a decree pro confesso was entered, a special examiner was appointed who took testimony and on final hearing the chancellor denied the annulment and dismissed the bill with prejudice. The plaintiff appealed.
The only point for determination is whether or not the chancellor committed error in refusing to annul the marriage.
It is an old saying that fraud vitiates all contracts. It is not a ground for divorce in this state and we are cited to no case in which divorce or annulment of the marriage contract was predicated on it. In fact, in the state of the record we are riot required to and do not adjudicate 'that question. The chancellor found that the evidence did not prove his charges made iri the complaint by convincing evidence and denied the relief prayed for. We have examined the evidence and are not convinced that the chancellor should be reversed. There is evidence which shows that defendant had pulmonary tuberculosis but how well advanced is not shown. As to what her condition was at the time of the marriage or whether plaintiff made any effort to find out her condition before the marriage, the evidence is not convincing. It is shown that she came to this country from Greece to marry appellant on the recommendation of a mutual friend and the bans were announced forthwith. In horse trading parlance they took each other at arms length for “better or worse” and with equally as much sanctity.. Even if we were convinced that a valid ground for annulment existed, there is not sufficient showing to reverse the chancellor.'
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS,' JJ., concur.